26-mj-6493-MPK

## <u>AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR COMPLAINT</u>

I, John Christensen, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being duly sworn, depose and state as follows:

1. I am a federal law enforcement officer within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am a Special Agent with ATF and have been employed since September 27, 2020. I am currently assigned to the Boston Field Office.

2. I am a graduate of the ATF National Academy Special Agent Basic Training and the Federal Law Enforcement Training Center Criminal Investigator Training Program. Before becoming an ATF Special Agent, I was a New York City Police Department (NYPD) Patrol Officer at the 115 Precinct for four years.  During my time as a Patrol Officer, I patrolled a designated area of the city via police cruiser to preserve law and order, and to prevent and discover the commission of crime.  I conducted such duties as: monitoring, noting, reporting, and investigating suspicious persons and situations, safety hazards, and unusual or illegal activity in patrol areas.  I have conducted preliminary investigations, gathered evidence, interviewed witnesses and victims, conducted arrests, and testified as a witness in court.

3. Based on my training and experience as an ATF Special Agent, I am familiar with federal firearms laws.  In this regard, I know that it is a violation of 18 U.S.C. §922(g)(1) for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess in or affecting commerce any firearm or ammunition, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.  As set forth below, there is probable cause to believe that, on May 7, 2026, in

1

Brockton, MA, Malachi MARTINS violated 18 U.S.C. § 922(g)(1) by being a felon in possession of ammunition.

4.     The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other law enforcement officers, witnesses, public records, and database checks. This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter.

5.     On May 7, 2026, agents executed federal search warrants at six locations and for eight individuals, including at Martins' residence in Brockton, MA. [1]

6.     While executing a document search warrant to locate documents, an initial sweep was made, and Martins was discovered in his bedroom.  He and four other individuals were detained and removed from the residence. A secondary sweep then took place, and following this secondary sweep, Martins was read his *Miranda* rights. Investigators explained to him that they were executing federal search warrants.  Investigators asked if there were guns and drugs in the residence, and Martins stated that there was a gun and gestured towards his bedroom. During the search of Martin's bedroom, investigators discovered a drawstring bag located between the head of the bed and the wall, which appeared to be heavy and weighted down.  Inside that bag, investigators located what they believed to be a privately made firearm ("PMF") [2] a black Polymer 80 pistol, loaded with 9mm ammunition.

---

[1] I am aware of Martin's residential address, hereinafter referred to as the Target Location. I am not including that specific address for the purpose of this affidavit in support of a criminal complaint.

[2] PMF is also commonly known as a "ghost gun." ATF is also examining the PMF with regard to interstate commerce.

7.     At the same time, another investigator opened the top dresser drawer of Martin's bedroom, and located a knotted baggie of an off-white powdery substance. Investigators then asked Martins if that substance was fentanyl, and Martins affirmed that it was fentanyl. After these observations were made, investigators froze the Target Location in order to request an additional search warrant.

8.     Agents subsequently executed a further search warrant at the Target Location, authorizing them to search for, among other things, drugs  and guns, and seized, among other things, the following items:

   a. the black Polymer 80 pistol;

   b. a firearm magazine, loaded with 6 rounds of 9mm ammunition;

   c. a knotted baggie of suspected fentanyl and;

   d. two firearm magazines and an additional loose round of 9mm ammunition within a shoebox in Martin's bedroom.

9.     An ATF agent examined the ammunition and concluded that it was all manufactured outside of Massachusetts, and therefore, traveled in interstate or foreign commerce prior to May 7, 2026.

10.     I am familiar with Malachi Martins, DOB:xx/xx/1994 and have reviewed his criminal record.  Martins has a prior conviction for possession to distribute class A (Fentanyl) and was sentenced in Plymouth Superior Court, in 2021, for 3 - 3 years and one day in state prison (*Commonwealth v. Malachi Martins*, Docket 1883CR00337). Martins also has a prior federal conviction for conspiracy to traffic firearms in the United States District Court for the District of Maine, where he was sentenced to 24 months in federal prison, followed by 3 years of supervised release (*United States v. Malachi Martins*, Docket 22-cr-00064-NT-1).  Martins is currently on supervised release. The convictions referenced above are for crimes punishable by a term of

imprisonment exceeding one year.  Martins is therefore prohibited from possessing ammunition under federal law.

11.     Based on the above, there is probable to believe that on or about May 7, 2026, within the District of Massachusetts, Malachi Martins violated 18 U.S.C. § 922(g)(1) by possessing ammunition as a prohibited person.

Signed electronically and sworn to electronically in accordance with Federal Rule of Criminal Procedure 4.1 on May _____, 2026.
                        7th

                                        /s/ John Christensen
                                        _____
                                        John Christensen, Special Agent
                                        Bureau of Alcohol, Tobacco, and Firearms

Electronically sworn to and subscribed telephonically in accordance with Federal Rule of Criminal Procedure 4.1 on this __ day of May, 2026
        7th day of May

                                        _____
                                        HONORABLE M. PAGE KELLEY
                                        UNITED STATES MAGISTRATE JUDGE

4